# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LUCIA RAMOS-QUIRARTE,<br><br>  Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>  Defendant(s). | Case No. 2:23-cv-01778-RFB-NJK<br><br>**Order**<br><br>[Docket No. 6] |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 6. Plaintiff filed a response in opposition. Docket No. 10. Defendants filed a reply. Docket No. 15. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **DENIED**.[1]

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

---

[1] The Court has been obliged on occasion to express its disapproval when attorneys have not engaged with each other with the civility and professionalism required. *See, e.g.*, Local Rule 1-1(c). In this case, the Court notes the remarkable courtesy that counsel displayed during the conferral process, *see* Docket No. 6-1, **for which they must be commended**.

A stay of discovery is not warranted. Most significantly, the Court has taken a preliminary peek at the motion to dismiss and is not convinced that it will be granted. It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g., id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

With respect to the Nevada constitutional claim, the Court is not convinced by Defendants' arguments that, *inter alia*, there is no private right of action, *cf. Meeks v. Nev. Dep't of Corr.*, 2020 WL 8084979, at *19 (D. Nev. Nov. 10, 2020) (finding private right of action under Article 1, Section 6 of the Nevada Constitution), *adopted*, 2021 WL 53619 (D. Nev. Jan. 6, 2021), that the statute of limitation is properly resolved on the pleadings, *see, e.g.*, *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 466 (Nev. 2012) (noting factual nature of inquiry); *see also Espinosa v. CoreCivic*, 2020 WL 11036017, at *2-3 (D. Nev. Oct. 15, 2020) (Boulware, J.) (denying motion to dismiss), or that the allegations fail to state a claim at the pleading stage, *see Le v. Zuffa, LLC*, 216 F. Supp. 3d 1154, 1164 (D. Nev. 2016) (Boulware, J.) (in deciding motion to dismiss, well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff).[2] Moreover, although the Court is mindful that Defendants also raise qualified immunity, it does not apply to the state constitutional claim, *Mack v. Williams*, 522 P.3d 434, 451 (Nev. 2022), and the potential application of an immunity to a portion of the case is not grounds to stay

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.

all discovery, since it will not impact the need for the discovery on the unaffected claims, *see, e.g.*, *Martinez v. Las Vegas Metro. Police Dep't*, No. 2:20-cv-00618-JCM-NJK, 2020 WL 3166611, at *1 n.2 (D. Nev. June 9, 2020).  In short, the Court is not convinced that Plaintiff will be unable to state a claim, so a stay of discovery is not warranted.  *E.g.*, *Tradebay*, 278 F.R.D. at 603 ("A stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief").

Accordingly, the motion to stay discovery is **DENIED**.  The parties must file a proposed discovery plan by January 17, 2024.

IT IS SO ORDERED.

Dated: January 4, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

3