UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUCIA RAMOS-QUIRATE,<br><br>Plaintiff,<br><br>v.<br><br>BETTY T. OMANDAC, et al.,<br><br>Defendants. | Case No. 2:23-cv-01778-RFB-NJK<br><br>**ORDER** |

### I.  INTRODUCTION

Before the Court are Defendants' Objection/Appeal to Magistrate Judge Nancy Koppe's order denying Defendants' motion to stay discovery, as well Defendants' emergency motion to stay discovery. ECF Nos. 18, 19. For the reasons discussed below, the Court denies both motions.

### II.  BACKGROUND

Plaintiff commenced this case by filing a Complaint on September 5, 2023, in the Eighth Judicial District Court for Clark County, Nevada. ECF No. 1-1. Plaintiff alleges that she injured her shoulder while incarcerated at Florence McClure Women's Correctional Center and asserts two constitutional deliberate indifference claims under the Nevada Constitution and 42 U.S.C. § 1983. Defendants removed this case to United States District Court for the District of Nevada on November 1, 2023. ECF No. 1. Defendants filed a motion to dismiss the Complaint on November 8, 2023. ECF No. 4. As part of their motion to dismiss, Defendants assert the federal § 1983 claim is precluded by qualified immunity. Less than a week later, Defendants moved to stay discovery pending the resolution of their motion to dismiss. ECF No. 6. Defendants argued that a discovery stay was appropriate because qualified immunity was a preliminary issue. The motion to dismiss

was fully briefed on November 29, 2023. The motion to stay discovery became ripe on December 4, 2023. On January 4, 2024, the Honorable Nancy J. Koppe, United States Magistrate Judge, issued an order denying Defendants' motion to stay discovery. ECF No. 6. Defendants filed the instant objection/appeal to the Magistrate Judge's order as well as an emergency motion to stay discovery on January 12, 2024. ECF Nos. 18, 19. The Court issued a minute order on January 24, 2024, finding that Defendants failed to establish that the they would be irreparably prejudiced by the Court's resolution of the motion pursuant to a normal briefing schedule and ordered that the motion would proceed on a non-emergency basis. ECF No. 20.

The parties filed their Joint Discovery Plan and Scheduling Order ("DPSO") on January 29, 2024. Judge Koppe granted the DPSO on February 6, 2024 setting forth a discovery deadline of July 30, 2024. On May 10, 2024, the Court set a hearing on the pending motion to dismiss for June 17, 2024. As the motion to dismiss remains pending, the Court takes up Defendants' discovery appeal and motion now.

### III.     LEGAL STANDARD

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1-3. But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part [. . .] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 950 (9th Cir. 2013) (internal quotation marks and citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Jadwin v. Cty. of Kern, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (internal quotation marks and citations omitted).

### IV.     DISCUSSION

Defendants filed a Local Rule IB 3-1 objection/appeal to Magistrate Judge Koppe's order denying the stay on discovery. Specifically, Defendants assert that the Magistrate Judge's order was contrary law because discovery may not proceed until the Court has ruled on the qualified

immunity defense raised in the motion to dismiss, even though the qualified immunity defense applies to only one of the two asserted claims.

The Court finds that Judge Koppe properly denied Defendants' motion to stay discovery. "The trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." Crawford-El v. Britton, 523 U.S. 574, 597-598 (1998).

Here, Plaintiff brings two causes of action. As Defendants acknowledge, they are only raising qualified immunity as a defense to the federal 42 U.S.C. § 1983 claim. Defendants do not raise any immunity-based defenses on the Nevada constitutional claim. Judge Koppe took a "preliminary peek" at the merits of the underlying motion and concluded that she was not convinced that the Nevada constitutional claim would be dismissed at the pleading stage. Because Judge Koppe could not say that Plaintiff would be unable to state a claim on the Nevada constitutional claim, Judge Koppe determined that a stay on discovery as to the entire case would be inappropriate where the immunity defenses would not impact the need for discovery on unaffected claims.

The Court concurs with the Magistrate Judge and finds that Defendants' requested stay is overly broad. The Court does not find that that granting this stay would "protect the substance of the qualified immunity defense" or avoid "unnecessary or burdensome discovery." Crawford-El, 523 U.S. at 597. Although Defendants may in some circumstances be entitled to a stay of discovery as to claims they have asserted a qualified immunity defense to, they are not automatically entitled to a stay of discovery for the entire case. Further, the federal and state claims are asserted against every named Defendant. Thus, regardless of whether Defendants are entitled to qualified immunity on the § 1983 claim, Plaintiffs may still proceed with discovery against each of these same Defendants on the state constitutional claim. A complete stay of discovery on both claims is therefore inappropriate because no purportedly immune Defendants are being forced to participate in *unnecessary* discovery on the Nevada constitutional claim. Additionally, the Nevada constitutional and § 1983 claims are both based on deliberate indifference to a serious medical

need under the Eighth Amendment's cruel and unusual punishment clause and its Nevada state analog. Because the claims are grounded on similar legal theories and are premised on nearly identical factual allegations, the scope of fact discovery on the two claims significantly overlaps.

Finally, though Defendants cite Ashcroft v. Iqbal, 556 U.S. 662, 684-86 (2009) to support their position, the Court finds that the cited passage is non-binding dicta. The U.S. Supreme Court did not hold that discovery must be stayed on the entire case whenever qualified immunity is raised as a defense to a single claim in a motion to dismiss. Rather, the Supreme Court was rejecting a counterargument related to the Rule 8 pleading standard and opining on one of the purposes of qualified immunity in doing so. Id. And as discussed above, this is not a case where Defendants are being forced to participate in the discovery process "even though they are not yet themselves subject to discovery orders." Id. at 685-86.

**V. CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants Objection/Appeal (ECF No. 18) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 19) pending the consideration of the Defendants' Objection/Appeal is **DENIED** as **MOOT.**

**DATED:** June 3, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**