UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LUCIA RAMOS-QUIRARTE,

    Plaintiff(s),

v.

STATE OF NEVADA, et al.,

    Defendant(s).

Case No. 2:23-cv-01778-RFB-NJK

**Order**

[Docket No. 36]

Pending before the Court is Defendants' motion to exclude portions of Plaintiff's rebuttal expert report prepared by Dr. Roger A. Russell. Docket No. 36. The motion argues that portions of that report are improper because they were improperly labeled as "rebuttal" opinions.

The Court may not exclude an improper expert report if the underlying violation is harmless. Fed. R. Civ. P. 37(c)(1). "Harmlessness may be established if a disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report." *Pac. Indemn. Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097 (D. Nev. Aug. 25, 2016) (collecting cases). In line with that reasoning, courts have found harmlessness sufficient to avoid exclusion sanctions when a rebuttal report served a month before the discovery cutoff includes information that should have been included in an initial report. *See, e.g.*, *Felix v. CSAA Gen. Ins. Co.*, 2017 WL 1159724, at *3 (D. Nev. Mar. 28, 2017) (addressing harmlessness for improper rebuttal report served 33 days before discovery cutoff).[1]

In this case, the subject expert report was served on July 1, 2024. Docket No. 37-3 at 4. Discovery does not close until September 30, 2024. Docket No. 34 at 4. Hence, the subject report

---

[1] Courts have also long implored counsel to work cooperatively to ameliorate any disclosure deficiencies, rather than automatically resorting to motion practice for exclusionary sanctions. *See, e.g.*, *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017) (quoting *Jones v. Wal-Mart Stores, Inc.*, 2016 WL 1248707, at *7 (D. Nev. Mar. 28, 2016)).

was served three months before the discovery cutoff. Although Defendants argue that the expert report was improperly labeled as a rebuttal, their motion provides no explanation as to how striking it could be warranted (even assuming that it was improperly labeled)[2] given the time remaining within the discovery period.

Accordingly, the motion to strike is **DENIED** without prejudice. If Defendants continue to seek relief on this issue, they must file a renewed request by August 22, 2024.

IT IS SO ORDERED.

Dated: August 15, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court expresses no opinion herein as to whether the report was improperly labeled because, even assuming that it was, the motion fails to show that the relief requested is warranted.

2