# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LUCIA RAMOS-QUIRARTE,<br>    Plaintiff(s),<br>v.<br>STATE OF NEVADA, et al.,<br>    Defendant(s). | Case No. 2:23-cv-01778-RFB-NJK<br>**Order**<br>[Docket No. 51] |

Pending before the Court is a stipulation to continue the settlement conference and to excuse the attendance requirement for all individually-named defendants. Docket No. 51. For the reasons discussed below, the stipulation is **GRANTED** in part and **DENIED** without prejudice in part.

**I.    SETTLEMENT CONFERENCE CONTINUANCE**

In light of the scheduling conflict identified, good cause exists to continue the settlement conference. The settlement conference will be reset to 10:00 a.m. on June 11, 2025. Settlement statements must be submitted to the undersigned's box in the Clerk's Office by 3:00 p.m. on June 4, 2025. All other requirements in the order setting the settlement conference (Docket No. 50) remain unchanged.

**II.    ATTENDANCE REQUIREMENT**

Defendants also seek to excuse several individually-named defendants from participating at the settlement conference. Defendants explain that other participants who will attend the settlement conference will have full settlement authority. Docket No. 51 at 2.

Quite clearly, the need to have full settlement authority present during the settlement conference is an important threshold requirement. *E.g., Nick v. Morgan's Food, Inc.,* 270 F.3d

590, 597 (8th Cir. 2001). That is not the only reason for party attendance, though. A foundational aspect of a settlement conference is the evaluation of the strengths and weaknesses in the case. *Cf.* Local Rule 16-6(f)(1)(E). That evaluation includes the presiding judge's assessment as to how parties who are key fact witnesses will present at trial. *See, e.g.*, *HSBC Bank USA, N.A. v. Flamingo 316, LLC*, 2019 WL 2358391, at *3 n.7 (D. Nev. June 4, 2019).[1] That evaluation may also require in-depth discussion of the facts, which is not always limited to the information in the hands of counsel or high-level decisionmakers during the settlement conference. In the Court's experience, obtaining full understanding of the facts may require input from the parties themselves during the settlement conference.

The request to excuse attendance of the individually-named defendants addresses only the issue of settlement authority, and does not address whether excusing attendance will impair the evaluation of the merits of the case for the reasons discussed above.

### III. CONCLUSION

Accordingly, the pending stipulation is **GRANTED** in part and **DENIED** without prejudice in part. The stipulation is **GRANTED** as to resetting the settlement conference. The settlement conference will be reset to 10:00 a.m. on June 11, 2025. Settlement statements must be submitted to the undersigned's box in the Clerk's Office by 3:00 p.m. on June 4, 2025. All other requirements in the order setting the settlement conference (Docket No. 50) remain unchanged. The stipulation is **DENIED** without prejudice as to the request to excuse attendance. Any renewed request to excuse attendance must include discussion of the issues identified above and must be filed by April 15, 2025.

IT IS SO ORDERED.

Dated: April 9, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff made a jury demand. Docket No. 1-1 at 2. Evaluating how parties will present at trial is particularly significant in cases headed to jury trials.