UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUCIA RAMOS-QUIRARTE,<br><br>    Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-01778-RFB-NJK<br><br>**Order** |

    The parties jointly requested a settlement conference, Docket No. 48, which was granted, Docket No. 49 at 24.

    In setting that settlement conference, the Court required that the settlement statements include each side's opening settlement position. Docket No. 50 at 3. Both sides violated that order. Plaintiff's statement included a "fair settlement amount" that the Court construed as reflecting Plaintiff's opening offer given the order requiring such information. It turns out that was the number at which Plaintiff wanted to end. The defense did not provide any settlement number, instead falling back on the need for institutional approval[1] and indicating that their settlement position would be articulated the day before the settlement conference. Of course, a party is not permitted to grant itself an extension to a judicially-imposed deadline and institutional parties are not entitled to preferential treatment with respect to violating orders. Adding insult to injury, the defense did not provide the supplement that they indicated would be untimely submitted. Hence, the Court did not have any clear understanding of the parties' settlement positions until after the settlement conference began.

---

[1] Counsel explained at the settlement conference that the process requires a multi-level process up through the general counsel.

While violating an order is itself highly problematic, the parties' violations here also had practical consequences. The violations prevented the Court from gauging whether holding a settlement conference was futile and a waste of resources. Given the offers actually conveyed, it is clear now that there was no point in holding the settlement conference.[2] Had each side complied with the Court's order, at least some of the waste could have been curtailed by preemptively vacating the doomed settlement conference.

In light of the above, the parties and all counsel of record are cautioned that they must strictly comply with all orders moving forward. **Failure to do so may result in the imposition of significant sanctions.**

IT IS SO ORDERED.

Dated: June 11, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Aside from the order violations discussed herein, it is also unclear why the parties requested a settlement conference given the vast canyon between them.